Sutlipr, J.
The proceedings and judgment of the court, as •shown by the record, were in pursuance of the provisions of the act entitled “ an act to amend the act entitled ‘ an act for the more •effectual punishment of certain offenses in the county of Hamilton,’ ” passed March 7, 1835. Swan & Critchfield’s Stat. 444.
No argument or brief has been submitted in the case, and the -court are left to conjecture the grounds upon which counsel for plaintiff in error rest the assignment of error on the record. But as the sentence “to bo kept at hard labor” in the county jail is in accordance with the special act referred to, and can only be sustained by the provisions of that act, the assignment of error was probably intended to call in question the constitutionality of that provision of the statute^ It is provided by section 26, article 2, of •the constitution of 1851 of this state, as follows:
“All laws of a general nature shall have a uniform operation throughout the state; nor shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any •other authority than the ^general assembly, except as otherwise provided in this constitution.”
And it is also provided by section 1, of the schedule of the constitution, that “ all laws of this state in force on the 1st day of September, 1851, not inconsistent with this constitution, shall continue in force until amended or repealed.”
The act of March 7, 1835, under which the plaintiff is sentenced, was in force on the 1st day of September, 1851, and therefore continued to be, and is in full force unless the same was inconsistent with the constitution, and so thereby abrogated. The inquiry then .arises : Was that special act so inconsistent with the provisions of *480 section 26, article 2 (above cited), of the constitution, as to be-thereby annulled, and cease to be in force after the 1st day of September, 1851 ?
• All of article 2 of the constitution of 1851, is devoted to the subject of legislative powers and duties. But it has respect to future legislative bodies, and future legislation under that constitution, p rather than to past, under the former constitution. And section 26 is evidently, in its provisions, applicable to future rather than existing legislative, enactments.
Immediately following the words “all laws of a general nature shall have a uniform operation throughout the state,” and as part of the same sentence, are the following : “ Nor shall any act, except such as relates to public schools, be passed, to take effect upon any other authority than the general assembly, except as otherwise provided in this constitutionshowing, evidently, that the-provisions of the section have respect to future and not jiast legislation. Indeed, any other construction of section 26, of article 2; of the constitution, would lead to setting aside the most of the special laws of the state; a consequence which the provident and intelligent body of men who framed the constitution could not have failed to perceive, and would surely have avoided.
*The law under which the indictment was found, the conviction had, and the judgment pronounced, being then in full force-at the time, we perceive no error in the record.

Judgment affirmed.

Swan, Brinkerhoff, and Scott, JJ., concurred.
Bartley. C. J., dissented.†